[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1226

 ARTHUR D'AMARIO, III,

 Plaintiff, Appellant,

 v.

 FRANK J. RUSSO, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Campbell, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

Arthur D'Amario, III, on brief pro se. 

 

 December 5, 1997
 

 Per Curiam. Arthur D'Amario, III, has appealed an order 

of the district court, dated January 7, 1997, that denied his

motion filed pursuant to Fed. R. Civ. P. 60(b). That denial

is well supported by the November 12, 1996 Report and

Recommendation of the magistrate judge, which the district

court accepted and adopted. Upon our review of appellant's

brief and the record on appeal, we affirm that denial,

essentially for the reasons stated in the magistrate's report

and recommendation.

 The January 7, 1997 district court order also recited

that "any pleadings, motions, complaints, or other documents

which the plaintiff hereafter files in this court will be

immediately dismissed or stricken from the record unless he

files an affidavit, under oath," that he has paid in full

"all outstanding sanctions imposed over the years in a number 

of frivolous cases he has filed." (Emphasis in the

original). We construe this language as enjoining D'Amario

from filing any pleadings, motions, complaints, or other

documents that arise from and/or relate to his claim that he

has a right to photograph concerts at the Providence Civic

Center, including filings relating to satellite litigation

that D'Amario has repeatedly initiated since his original

complaint in 1983. So construed, we find no abuse of

discretion in the imposition of this injunction. See Cok v. 

Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) 

 -2-

(reciting that "[f]ederal courts plainly possess

discretionary powers to regulate the conduct of abusive

litigants). We add that we have previously affirmed the

dismissal of a prior lawsuit for failure to comply with past

orders directing D'Amario to pay attorney's fees and

sanctions in his related suits. See D'Amario v. Pine, No. 

95-2131 (1st Cir. Feb. 1, 1996).

 Affirmed. 

 -3-